# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| RAWLINGS SPORTING GOODS COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNDER ARMOUR, INC., <br><br> Defendant. | No. 10-cv-0933 <br><br> COMPLAINT FOR FALSE DESIGNATION OF ORIGIN, MISREPRESENTATION OF FACT, TRADE DRESS INFRINGEMENT, TRADEMARK INFRINGEMENT, FALSE ADVERTISING, UNFAIR COMPETITION, AND VIOLATIONS OF THE WASHINGTON CONSUMER PROTECTION ACT |

Plaintiff, Rawlings Sporting Goods Company, Inc. ("Rawlings"), by and through its undersigned counsel, respectfully makes the following allegations for its Complaint against Defendant Under Armour, Inc. ("Under Armour"). These allegations are made upon knowledge with respect to Rawlings and its own acts, and upon information and belief as to all other matters.

COMPLAINT — 1
DWT 14000128v5 0091540-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150 · Fax: (206) 628-7699

## INTRODUCTION

1. For more than a century, Rawlings has manufactured sports equipment and apparel, including for baseball, hockey, basketball, and football for professional, collegiate, interscholastic, and amateur organizations. Rawlings manufactures, advertises, sells, and distributes softballs, helmets, protective equipment, aluminum and wood baseball bats, gloves, basketballs, and accessories. Among Rawlings' products is the COOLFLO® batting helmet, which has achieved widespread recognition in the baseball industry. The COOLFLO® helmet comprises a unique configuration and has a distinctive trade dress.

2. To trade on Rawlings' hard-won success with the COOLFLO® helmet, Defendant Under Armour has apparently affixed its logo to the COOLFLO® Helmet Mark and Trade Dress, and distributed photographs of the infringing image to at least two magazines. In one magazine, the infringing image appears in an advertisement for Under Armour's batting gloves. The advertisement therefore both falsely implies that Rawlings endorsed Under Armour's products and infringes the COOFLO® Helmet Mark and COOLFLO® Trade Dress.

3. Because of Under Amour's unlawful activity, Rawlings has been forced to bring this action.

## PARTIES

4. Plaintiff Rawlings is a Delaware corporation with its principal place of business in St. Louis, Missouri.

5. Defendant Under Armour is a Maryland corporation with its principal place of business in Baltimore, Maryland.

COMPLAINT — 2
DWT 14000128v5 0091540-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150 · Fax: (206) 628-7699

**JURISDICTION AND VENUE**

6.  This action arises under 15 U.S.C. § 1051 *et seq.* for violations of the Lanham Act, and under the laws of the State of Washington.

7.  This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. §§ 1121 and 1338(a) because it arises under federal trademark law, 15 U.S.C. § 1125. Plaintiff also asserts claims under Washington law, which are so related to the federal question claims that they are part of the same case and controversy, and therefore fall within the scope of this Court's supplemental jurisdiction under 28 U.S.C. §§ 1338(b) and 1367. Jurisdiction is also proper under 28 U.S.C. § 1332 because this action is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

8.  Upon information and belief, Under Armour does regular business in this judicial district. Upon information and belief, Defendant has also committed acts of false designation of origin, misrepresentation of fact or misleading description of fact, trade dress infringement, trademark infringement, false advertising, unfair competition, and violations of the Washington State Consumer Protection Act in this judicial district.

9.  Venue is proper in this district under 28 U.S.C. § 1391.

**PLAINTIFF RAWLINGS' RIGHTS**

10. Rawlings is one of the world's most well-known and successful manufacturers and distributors of sports products, including baseball bats, helmets, and other baseball accessories. Rawlings' products have been sold for more than 100 years and have provided customers with consistent characteristics and quality. Rawlings' customers and the public have come to rely upon and look for Rawlings' trademarks and trade dress

COMPLAINT — 3
DWT 14000128v5 0091540-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150 · Fax: (206) 628-7699

to identify products originating from Rawlings. As a consequence, Rawlings' name, trademarks, and trade dress have come to symbolize valuable goodwill and reputation. Rawlings has produced, advertised, sold, and distributed its products throughout the United States and the world.

11. Since at least as early as 2004, Rawlings has continuously produced, advertised, sold, and distributed batting helmets that are comprised of a unique and distinctive product configuration and which are identified by the word mark COOLFLO®. At the time of its introduction, conventional batting helmets had a basic bowl shape. Important and distinctive features of the COOLFLO® helmet include the contours of the ridges and placement of the vents. The unique design and appearance of the COOLFLO® helmet was well received and has been very successful in the marketplace. The configuration of the COOLFLO® helmet is so distinctive that consumers are able to distinguish and identify helmets comprised of the configuration as a product originating from Rawlings. For this reason, the configuration of the COOLFLO® helmet serves as a valuable and distinctive indication of source and trademark. The trademark embodied in the COOLFLO helmet is depicted in the attached Exhibit A and shown below (the "COOLFLO® Helmet Mark").

COMPLAINT — 4
DWT 14000128v5 0091540-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150 · Fax: (206) 628-7699



12. In the spring of 2006, Rawlings began offering the COOLFLO® helmet in unique two tone fading color schemes known as the COOLFLO® "highlight" series.

13. Since its introduction, the COOLFLO® helmet has been sold extensively and successfully throughout the United States. Rawlings has developed significant consumer recognition and good will in the design of the COOLFLO® Helmet Mark. The COOLFLO® Helmet Mark also serves as a distinctive trade dress ("COOLFLO® Trade Dress"). The COOLFLO® Helmet Mark and COOLFLO® Trade Dress are non-functional, unique, distinctive and serve as valuable indicators of source.

**INFRINGEMENT BY DEFENDANT**

14. On information and belief, Defendant Under Armour has been selling and promoting products in association with the distinctive mark and logo comprised of the letters "UA" shown below (hereafter referred to as the "UA Logo").



COMPLAINT — 5
DWT 14000128v5 0091540-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150 · Fax: (206) 628-7699

15.     On information and belief, Defendant Under Armour has been promoting and selling goods in association with a photograph of Rawlings' COOLFLO® Helmet upon which a UA Logo has been affixed.

16.     On information and belief, in January 2010, Under Armour procured an advertisement in Eastbay magazine which promoted Under Armour batting gloves. The most prominent feature of this advertisement is a photograph of a batter wearing Rawlings' COOLFLO® helmet, and on that helmet the UA Logo has been prominently affixed. On information and belief, Eastbay magazine is distributed throughout the U.S., including in Washington State. A true and correct copy of the advertisement is attached hereto as Exhibit B. A photograph of the helmet in the advertisement is shown below.



17.     Upon information and belief, Under Armour also provided a promotional photograph for use in the January 2010 edition of Team Insight magazine that features a photograph of a batter wearing Rawlings COOLFLO® helmet, and on that helmet the UA Logo has been prominently affixed. True and correct copies of the photograph and the

COMPLAINT — 6
DWT 14000128v5 0091540-000001

accompanying article are attached hereto as Exhibit C. The portion of the photograph showing the Rawlings helmet upon which the UA Logo has been affixed is shown below.



18. Upon information and belief, Under Armour has passed off the COOLFLO® Helmet and the COOLFLO® Trade Dress as Under Armour's own product by affixation of the UA Logo on the COOLFLO® Helmet in an attempt to trade upon the valuable goodwill in the COOLFLO® Helmet Mark and the COOLFLO® Trade Dress owned by Rawlings.

19. Customers and the public are likely, upon seeing the UA Logo affixed to the COOLFLO® Helmet, to believe that Under Armour is the source of the helmet.

20. Customers and the public are likely, upon seeing the UA Logo affixed to the COOLFLO® Helmet Mark and the COOLFLO® Trade Dress, to mistakenly believe either that the products being sold in association with the helmet originate from Rawlings or to believe that the helmet originates from Under Armour. Customers may also believe that Rawlings sponsors, is affiliated with or endorses the goods sold in association with the COOLFLO® Helmet upon which the UA Logo has been affixed.

21. Under Armour's conduct described herein creates the mistaken impression that Rawlings is the source of the batting gloves promoted by the advertisement attached as

COMPLAINT — 7
DWT 14000128v5 0091540-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150 · Fax: (206) 628-7699

Exhibit B or that Rawlings endorses, sponsors or is in some way affiliated with the batting gloves promoted by the advertisement attached as Exhibit B.

22. Under Armour's actions are a blatant effort to create the mistaken impression that the helmet is an Under Armour product.

23. Under Armour's infringement of Rawlings' COOLFLO® Helmet Mark and the COOLFLO® Trade Dress complained of herein has been willful and in bad faith.

### COUNT 1

### FALSE DESIGNATION OF ORIGIN

24. Rawlings incorporates the allegations stated by Paragraphs 1-23 as if fully set forth herein.

25. Defendant's actions described herein constitute false designation of origin in violation of 15 U.S.C. § 1125(a).

### COUNT 2

### MISREPRESENTATION OR MISLEADING DESCRIPTION OF FACT

26. Rawlings incorporates the allegations stated by Paragraphs 1-25 as if fully set forth herein.

27. Under Armour's actions described herein constitute false or misleading descriptions of fact, or false or misleading representations of fact in violation of 15 U.S.C. § 1125(a).

### COUNT 3

### TRADE DRESS INFRINGEMENT

28. Rawlings incorporates the allegations stated by Paragraphs 1-27 as if fully set forth herein.

COMPLAINT — 8
DWT 14000128v5 0091540-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150 · Fax: (206) 628-7699

29. Under Armour's actions described herein constitute trade dress infringement in violation of the common law

## COUNT 4

## TRADEMARK INFRINGEMENT

30. Rawlings incorporates the allegations stated by Paragraphs 1-29 as if fully set forth herein.

31. Under Armour's actions described herein constitute trademark infringement in violation of the common law.

## COUNT 5

## FALSE ADVERTISING

32. Rawlings incorporates the allegations stated by Paragraphs 1-31 as if fully set forth herein.

33. Under Armour's actions described herein constitute false advertising in violation of the common law.

## COUNT 6

## UNFAIR COMPETITION

## VIOLATION OF WASHINGTON CONSUMER PROTECTION ACT

34. Rawlings incorporates the allegations stated by Paragraphs 1-33 as if fully set forth herein.

35. Defendant's conduct described herein is likely to cause, confusion, mistake and to deceive the public into believing that Rawlings' products are sponsored by, approved by, or affiliated with Under Armour, and such actions affect the public interest and will be injurious thereto, in violation of Washington State Unfair Business Practices

COMPLAINT — 9
DWT 14000128v5 0091540-000001

and Consumer Protection Act, RCW 19.86 *et seq*. Rawlings is entitled to recover damages, treble damages, and attorneys' fees pursuant to RCW 19.86.090.

36.     Under Armour's conduct described herein constitutes unfair competition in violation of the common law.

## PRAYER FOR RELIEF

Under Armour's unlawful use of Rawlings' COOLFLO® Helmet Mark and COOLFLO® Trade Dress and its blatant attempt to create the impression that the COOLFLO® Helmet originates from Under Armour substantially injures Rawlings and the goodwill associated with the COOLFLO® Helmet Mark and the COOLFLO® Trade Dress. Monetary damages cannot fully compensate Rawlings because the COOLFLO® Helmet Mark and COOLFLO® Trade Dress are unique and represent Rawlings' products and reputation to the public. Unless enjoined by this Court, Under Armour will continue to falsely designate the origin of Rawlings goods or falsely designate the origin of Under Armour goods,, make false descriptions or representations, engage in unfair competition and false advertising, and use Rawlings' mark and trade dress to cause confusion among customers and the public thereby causing irreparable damage and injury to Rawlings.

WHEREFORE, Plaintiff Rawlings prays for relief against Defendant in the form of the following relief and any further relief the Court may deem just and proper under the circumstances:

A.     Granting a temporary and permanent injunction against Defendant and its servants, agents, employees, successors and assigns, and all persons acting in concert with them, enjoining them from:

COMPLAINT — 10
DWT 14000128v5 0091540-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150 · Fax: (206) 628-7699

(1) using in any manner the COOLFLO® Helmet Mark or any other trademark confusingly similar thereto;

(2) using in any manner the COOLFLO® Trade Dress or any other trade dress confusingly similar thereto;

(3) affixing any trademark or trade name of Under Armour to Rawlings' products or engaging in any other actions that create the mistaken impression that Under Armour is the source of Rawlings products;

(4) disseminating, using, or distributing any advertising or promotional materials, electronic or otherwise that state or imply that Rawlings endorses or approves of batting gloves manufactured by Under Armour.

B. Requiring Defendant to deliver to Rawlings for destruction all goods, signs, advertisements, literature, business forms, cards, labels, packages, wrappers, pamphlets, brochures, receptacles, and any other written or printed material in their possession or under their control which contain or encompass the COOLFLO® Helmet Mark or COOLFLO® Trade Dress, or any colorable imitations thereof or any marks or trade dress confusingly similar thereto or which contain the use of any Under Armour trademark or trade name affixed to any Rawlings product.

C. Requiring Defendant to provide confirmation to Rawlings and the Court concerning its compliance with the injunction and order of destruction.

D. Awarding compensatory damages sustained by Rawlings and profits generated by Under Armour as a result of the acts complained of herein pursuant to federal and state law, to be trebled in accordance with 15 U.S.C. § 1117;

COMPLAINT — 11
DWT 14000128v5 0091540-000001

Davis Wright Tremaine LLP
LAW OFFICES
1201 Third Avenue, Suite 2200
Seattle, Washington 98101
(206) 622-3150 · Fax: (206) 628-7699

E.  Awarding Rawlings its attorneys' fees pursuant to 15 U.S.C. § 1117 and other applicable federal and state laws;

F.  Awarding Rawlings punitive damages for Defendant's willful and egregious deception of consumers and infringement of Rawlings' rights in violation of both statutory and common law; and

G.  Awarding Rawlings interest, costs, and such other relief as the Court may deem just and equitable.

## JURY DEMAND

Rawlings demands a trial by jury of all issues so triable.

DATED this 7th day of June, 2010.

>Davis Wright Tremaine LLP
>Attorneys for Rawlings Sporting Goods Company, Inc.
>
>By  *s/ Ambika K. Doran*
>    F. Ross Boundy, WSBA No. 403
>    Cindy Caditz, WSBA No. 16701
>    Ambika K. Doran, WSBA No. 38237

COMPLAINT — 12
DWT 14000128v5 0091540-000001